**Nicholas J. Henderson, Esq.** (OSB #074027)
E-Mail:  nhenderson@portlaw.com
Motschenbacher & Blattner, LLP
117 SW Taylor Street, Suite 200
Portland, OR  97204-3211
Telephone:  503-417-0508
Fax:  503-417-0528
Local Counsel for Defendant Trans Union, LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| SAMANTHA JOHNSON,<br>          **Plaintiff,**<br>    vs.<br><br>**TRANSUNION RENTAL SCREENING**<br>**SOLUTIONS, INC. and NATIONAL**<br>**ASSOCIATION OF INDEPENDENT**<br>**LANDLORDS, INC.,**<br>          **Defendants.** | **CASE NO. 3:19-cv-00661-JR**<br><br>**TRANS UNION, LLC'S ANSWER**<br>**AND AFFIRMATIVE DEFENSES**<br>**TO PLAINTIFF'S COMPLAINT** |

Trans Union, LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows.  For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

### 1.

The court has jurisdiction under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681p.

**ANSWER:**  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

### 2.

Plaintiff Samantha Johnson ("Plaintiff) is an individual residing in Columbia County, Oregon and is a consumer as defined by the FCRA, § 1681a(c).

**ANSWER:**  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

3.

Defendant TransUnion Rental Screening Solutions, Inc. ("TURSS") is a consumer reporting agency as defined by the FCRA, § 1681a(f).  TURSS prepares and sells consumer reports to landlords who use the reports to decide whether to rent to persons seeking housing.

**ANSWER:**  Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

4.

Defendant National Association of Independent Landlords, Inc. ("NAIL") is a consumer reporting agency as defined by the FCRA, § 1681a(f).   NAIL prepares and sells consumer reports to landlords who use the reports to decide whether to rent to persons seeking housing.

**ANSWER:**  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## FACTS SUPPORTING CLAIMS AGAINST TURSS

5.

On or about April 9, 2018, Plaintiff applied to rent a house owned by Joshua Davis. Mr. Davis requested a consumer report on Plaintiff from TURSS to use to decide whether to rent to Plaintiff.

**ANSWER:**  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

6.

On April 9, 2018, TURSS prepared and sold to Mr. Davis a consumer report on Plaintiff that included inaccurate information, in violation of the FCRA, § 1681e(b).   TURSS falsely reported to Mr. Davis that Plaintiff was a felon who had been convicted of more than 28 crimes including assault, theft, burglary, and sale of narcotics.   None of that was true.   Plaintiff is not a felon, nor has she ever been convicted of any crime.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

7.

Mr. Davis told Plaintiff about the criminal information that was on her consumer report. Plaintiff told Mr. Davis that the criminal information did not belong to her.   Mr. Davis told Plaintiff that he would not rent to her unless she could prove that the criminal information was not hers.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

8.

In April 2018, Plaintiff contacted TURSS and told TURSS that it had issued a report to a landlord that included criminal information that did not belong to her.   She requested a copy of the report.   She also sent TURSS an email requesting the report.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

9.

Plaintiff received a letter and a consumer report from TURSS dated April 24, 2018.   The letter stated that the report contained "the contents of a consumer report generated on 4/9/2018 for Joshua Davis."   That was not true.   The report dated April 24,2018 is very different than the report sent to Mr. Davis, and does not include many of the crimes listed on the report to Mr. Davis. The TURSS report dated April 24, 2018 is also inaccurate and lists six California court actions under the heading "Criminal Report" that do not belong to Plaintiff.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

10.

Plaintiff again contacted TURSS and requested a copy of the report about her that TURSS sent to Mr. Davis.   Eventually, in June 2018, TURSS sent Plaintiff a copy of the report about her that it sent to Mr. Davis.   The report lists more than 28 criminal convictions, including several felonies, that do not belong to her.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

11.

The criminal records reported by TURSS belong to different persons than Plaintiff, some of whom have a similar name.   TURSS utilizes an inadequate identification matching procedure in determining which information to put on a consumer report, which does not require a match of the full name, address, social security number, race, physical characteristics, or other identifying information that would ensure that it only reports crimes that belong to the subject of its reports. Many of the crimes it reported about Plaintiff were identified in court records with persons who had different identifying information than plaintiff including different name, different date of birth, different address, and different race.   TURSS ignores this different information.   TURSS apparently does not consult readily available court records that include identifying information which would distinguish the criminal from the consumer who is the subject of the report.   It uses a loose matching system that results in "mixed" consumer reports that include criminal records belonging to different persons than the subject of the report.   Such procedures are not compliant

with the FCRA, which requires TURSS to follow reasonable procedures to "assure maximum possible accuracy of the information" in its reports. FCRA, § 1681e(b).   These noncompliant procedures cause persons to be denied housing they should obtain, and landlords to reject persons they would welcome as tenants.   These procedures also cause an enormous waste of time and resources by tenants and landlords alike.

**ANSWER:**   Trans Union denies the allegations contained in this paragraph.

12.

Other tenant screening agencies have faced governmental scrutiny for substantially similar activities.   *See, e.g., FTC v. RealPage, Inc.,* No. 3:18-cv-2737 (N.D. Tex. Oct. 16, 2018) (FTC settlement with tenant screening agency which failed to comply with 15 U.S.C. § 1681e(b) because it used loose matching criteria to link potential tenants with criminal records).

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

## FACTS SUPPORTING CLAIMS AGAINST NAIL

13.

On or about January 9, 2018, Plaintiff applied to rent an apartment at Lincoln Square managed by Lincoln Properties.   Lincoln Properties requested a consumer report on Plaintiff from NAIL to use in deciding whether to rent to Plaintiff.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

14.

On January 9, 2018, NAIL prepared and sold a consumer report on Plaintiff to Lincoln Properties that included inaccurate information, in violation of the FCRA, § 1681e(b).   NAIL falsely reported that Plaintiff was a felon who had been convicted of more than 30 crimes including assault, theft, burglary, and sale of narcotics.   None of that was true.   Plaintiff is not a felon, nor has she ever been convicted of any crime.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

15.

Lincoln Properties told Plaintiff about the criminal information that was on her consumer report.   Plaintiff told Lincoln Properties that the criminal information did not belong to her, and she had been mixed up with another person.   Plaintiff was allowed to rent the apartment.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

16.

In April 2018, Plaintiff contacted NAIL and requested a copy of her file.   NAIL did not provide Plaintiff with her file, in violation of the FCRA, § 1681g.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

17.

Plaintiff again contacted NAIL and requested a copy of her file.   On or about June 6, 2018 NAIL provided Plaintiff with a copy of her file, dated June 6, 2018.

**ANSWER:**    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

18.

Plaintiff obtained the NAIL report provided to Lincoln Properties, dated January 9, 2018 through an employee of Lincoln Properties.

**ANSWER:**    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

19.

The criminal records reported by NATL belong to different persons than Plaintiff, some of whom have a similar name.   NAIL utilizes an inadequate identification matching procedure in determining which information to put on a consumer report, which does not require a match of the full name, address, social security number, race, physical characteristics, or other identifying information that would ensure that it only reports crimes that belong to the subject of its reports. Many of the crimes it reported about Plaintiff were identified in court records with persons who had different identifying information than plaintiff including different name, different date of birth, different address, and different race.   NAIL ignores this different information.   NAIL apparently does not consult readily available court records that include identifying information which would distinguish the criminal from the consumer who is the subject of the report.   It uses a loose matching system that results in "mixed" consumer reports that include criminal records belonging to different persons than the subject of the report.   Such procedures are not compliant with the FCRA, which requires NAIL to follow reasonable procedures to "assure maximum possible accuracy of the information" in its reports. FCRA, § 1681e(b).   These noncompliant procedures cause persons to be denied housing they should obtain, and landlords to reject persons

they would welcome as tenants. These procedures also cause an enormous waste of time and resources by tenants and landlords alike.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

20.

Other tenant screening agencies have faced governmental scrutiny for substantially similar activities. *See, e.g., FTC v. RealPage, Inc.,* No 3:18-cv-2737 (N.D. Tex. Oct. 16, 2018) (FTC settlement with tenant screening agency which failed to comply with 15 U.S.C. § 1681e(b) because it used loose matching criteria to link potential tenants with criminal records).

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

## FIRST CLAIM FOR RELIEF

(against TURSS)

(Negligent Noncompliance with the FCRA)

21.

Plaintiff realleges and incorporates paragraphs 1 through 3 and 5 through 12.

**ANSWER:** Trans Union reasserts its answers and responses set forth herein.

22.

TURSS negligently failed to comply with the requirements of the FCRA.

**ANSWER:** Trans Union denies the allegations contained in this paragraph.

23.

As a result of TURSS' failure to comply with the requirements of the FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

**ANSWER:**   Trans Union denies the allegations contained in this paragraph.

24.

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

**ANSWER:**   Trans Union denies the allegations contained in this paragraph.

**SECOND CLAIM FOR RELIEF**

(against TURSS)

(Willful Noncompliance with the FCRA)

25.

Plaintiff realleges and incorporates paragraphs 1 through 3 and 5 through 12.

**ANSWER:**   Trans Union reasserts its answers and responses set forth herein.

26.

TURSS willfully failed to comply with the requirements of the FCRA.

**ANSWER:**   Trans Union denies the allegations contained in this paragraph.

27.

As a result of TURSS' failure to comply with the requirements of the FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks

damages in an amount to be determined by the jury.   Plaintiff also seeks punitive damages in an amount to be determined by the jury.

**ANSWER:**   Trans Union denies the allegations contained in this paragraph.

28.

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

**ANSWER:**   Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

**THIRD CLAIM FOR RELIEF**

(against NAIL)

(Negligent Noncompliance with the FCRA)

29.

Plaintiff realleges and incorporates paragraphs 1, 2, 4 and 13 through 20.

**ANSWER:**   Trans Union reasserts its answers and responses set forth herein.

30.

NAIL negligently failed to comply with the requirements of the FCRA.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

31.

As a result of NAIL's failure to comply with the requirements of the FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

32.

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

**ANSWER:**  Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

**FOURTH CLAIM FOR RELIEF**

(against NAIL)

(Willful Noncompliance with the FCRA)

33.

Plaintiff realleges and incorporates paragraphs 1, 2, 4 and 13 through 20.

**ANSWER:**  Trans Union reasserts its answers and responses set forth herein.

34.

NAIL willfully failed to comply with the requirements of the FCRA.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

35.

As a result of NAIL's failure to comply with the requirements of the FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks

damages in an amount to be determined by the jury.    Plaintiff also seeks punitive damages in an amount to be determined by the jury.

**ANSWER:**    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

36.

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

**ANSWER:**    Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

37.

Plaintiff requests a jury trial on all claims.

**ANSWER:**    Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

On the First Claim for Relief:

  1.  Actual damages to be determined by the jury; and

  2.  Attorney fees.

On the Second Claim for Relief:

  1.  Actual damages to be determined by the jury;

  2.  Punitive damages to be determined by the jury; and

  3.  Attorney fees.

On the Third Claim for Relief:

    1. Actual damages to be determined by the jury; and

    2. Attorney fees.

On the Fourth Claim for Relief:

    1. Actual damages to be determined by the jury;

    2. Punitive damages to be determined by the jury; and

    3. Attorney fees.

On All Claims for Relief:

    1. Costs and expenses incurred in the action.

**ANSWER:** Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2. Plaintiff's state law and common law claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

3. Trans Union's reports concerning Plaintiff were true or substantially true.

4. Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

5. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6. Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681t.

7.      At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

8.      Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

9.      Plaintiff has failed to take reasonable steps to mitigate her damages, if any.

10.     Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

11.     Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

12.     Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

13.     Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

14.     Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Respectfully submitted,

MOTSCHENBACHER & BLATTNER, LLP

Date:   July 16, 2019                    */s/ Nicholas J. Henderson*
                                         **Nicholas J. Henderson, Esq.**
                                         OSB #074027
                                         Telephone:   503-417-0508
                                         **Local Counsel for Defendant**
                                         **TransUnion Rental Screening Solutions, Inc.**